**\*E-FILED 11/28/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and CRAIG HARBRIDGE, Revenue Officer,<br><br>  Petitioners,<br>v.<br><br>PAUL J. SHOLTZ,<br><br>  Respondent. | No. C07-04234 HRL<br><br>**(1) ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE; AND (2) REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONSES BE GRANTED**<br><br>[Re: Docket No. 1] |

This matter is before the court on an Order to Show Cause why respondent Paul J. Sholtz should not be required to appear before the Internal Revenue Service (IRS) in compliance with IRS summonses. Mr. Sholtz sent letters to the court advising that he refuses to respond to the show cause order. He also made a self-described "special appearance" at the November 27, 2007 hearing to state that he does not consent to these proceedings. Because respondent has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation as to the instant petition and directs the Clerk of the Court to reassign this case to a District Judge. Having considered the moving papers and all other evidence of record, this court recommends that the petition be GRANTED.

## I.  BACKGROUND

According to the petition, the IRS is conducting an investigation to determine and

collect certain federal income tax liabilities of respondent for the tax periods ending December 31, 2004, December 31, 2005 and December 31, 2006, as well as for the periods ending March 31, 2001, June 30, 2001 and September 30, 2001. (Pet. ¶ 3). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (*See id*. ¶ 6). As part of its investigation, petitioners served two summonses on respondent; and, the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1] On April 18, 2007, petitioner Craig Harbridge served a summons on respondent by hand. (*See id*. ¶ 7 and Ex. A). The other summons at issue was served on June 4, 2007 by leaving a copy of the summons at respondent's home. (*See id*. ¶ 8 and Ex. B). Mr. Sholtz did not appear or produce testimony or records as requested by the summonses. (*See id*., ¶ 10).

On August 17, 2007, petitioners filed the instant verified petition to enforce the summonses. This court issued an order to show cause, setting a hearing for October 17, 2007. Petitioners subsequently applied for another show cause order, asserting that, while service attempts were made, respondent refused to answer his door (and did not leave from or return to his residence) when service was attempted.

On September 17, 2007, this court issued a second order to show cause, setting a hearing for November 27, 2007. Petitioners have submitted evidence showing that the September 17, 2007 order to show cause and verified petition were properly served in compliance with Rule 4 of the Federal Rules of Civil Procedure. (*See* Docket No. 8 (Proof of Service and Declaration of Monica Moniz)). Respondent subsequently sent an email to the IRS in which he seems to dispute allegations that he harassed petitioner Harbridge by posting documents to Harbridge's door. (*See id*.) This court later received copies of an October 18, 2007 letter evidently written by respondent on his own behalf, stating:

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." *Id*.

> Dear Servant,
>
> On Tuesday, October 16, 2007, Sirrah Tracy Wong – a private employee working for the private offshore corporation known as the I.R.S. and an individual who has no lawful, legal authority whatsoever to be serving a Summons – presented me with this notice which apparently originated from your court.
>
> Please note that your request to appear is hereby Refused for Cause.
>
> Without Prejudice, All Rights Reserved,
>
> /s/
> Paul J. Sholtz

(*See* Docket Nos. 9 and 10). Appended to each of these letters is a copy of the first page of the court's September 17, 2007 show cause order with an added handwritten note scribbled across the top: "REFUSED FOR CAUSE." (*See id.*) As noted above, responded appeared at the show cause hearing to state that he does not consent to these proceedings.

## II.  DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)). To enforce a summons, the IRS must first establish "good faith" by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "'The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Id.* (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)).

1    Once the government has met its burden in establishing the *Powell* elements, if the
2 taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of
3 process or lack of good faith on the part of the IRS. Indeed, "'[e]nforcement of a summons is
4 generally a summary proceeding to which a taxpayer has few defenses.'" *Crystal*, 172 F.3d at
5 1144 (quoting *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992)). "'The taxpayer must
6 allege specific facts and evidence to support his allegations of bad faith or improper purpose.'"
7 *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the
8 Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the *Powell* requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the *Powell* elements nor the *LaSalle* requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

16 *Id.* at 1144-45 (internal quotes and citations omitted).

17    While the government's burden is not great, it is not necessarily satisfied by an agent's
18 mere assertion of relevance. *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980).
19 Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks
20 information relevant to a legitimate investigative purpose, and the court may choose either to
21 refuse enforcement or narrow the scope of the summons. *Id*. at 668.

22    In the instant case, petitioners have met their burden of showing that the *Powell*
23 elements have been satisfied, largely through the verification of the petition by Revenue Officer
24 Harbridge. *See Crystal* 172 F.3d at 1144 (stating that it was undisputed that the special agent's
25 declaration satisfied the *Powell* requirements and that the government therefore "established a
26 prima facie case to enforce the summonses"); *Dynavac, Inc.*, 6 F.3d at 1414 (stating that the
27 government's burden "may be satisfied by a declaration from the investigating agent that the
28 *Powell* requirements have been met."); *United States v. Bell*, 57 F. Supp.2d 898, 906 (N.D. Cal.

4

1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the agent.").

Here, the verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose – that is, to determine and collect respondent's federal tax liabilities for certain periods of time. (*See* Pet. ¶¶ 3-4). The summonses are relevant to that purpose. They indicate that respondent is self-employed and failed to file returns for 2004, 2005 and 2006. They also indicate that the IRS is conducting an investigation as part of a collection effort for several periods in 2001. The summonses ask respondent to appear and bring with him documents pertaining to his taxable income (wage and tax statements, interest and dividend income forms, employee earning statements, bank records, records of any compensation for services, etc.), as well as records pertaining to his assets and liabilities. (*See id*., Exs. A and B). The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the internal Revenue Code for the issuance of the summons have been taken. (*See* Pet. ¶¶ 6, 12, 13 and Exs. A and B) (confirming service of the summonses in accordance with 26 U.S.C. § 7603).

Because petitioners have met their burden in establishing the *Powell* elements, the burden then shifts to Mr. Sholtz to disprove the actual existence of a valid civil tax determination or collection purpose. Although he appears to take issue with the service of the summonses and the show cause order and verified petition, as discussed above, this court finds that service properly was made in all instances. Mr. Sholtz has otherwise failed to provide any response to the court's show cause order, except to say that he refuses to do so. At the show cause hearing, he clarified that his full Christian name is "Paul Joseph Sholtz" and seemed to object that he has not been referred to in this action by that name. He further stated, in sum, that he does not recognize the authority of the federal government and therefore does not consent to these proceedings. This court finds that he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS and this court recommends that the verified petition to enforce the IRS summonses be granted.

5

### III. RECOMMENDATION

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summonses and directing Mr. Sholtz to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed.R.Civ.P. 72(b); Civ. L.R. 72-3.

Dated:   November 28, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-4234 Notice electronically mailed on 11/28/2007 to:**

Thomas Moore tom.moore@usdoj.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:07-cv-4234 Notice mailed on 11/28/2007 to:**

Paul J. Sholtz
500 West Middlefield Road #99
Mountain View, CA 94043