JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Chief, Tax Division
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:   (415) 436-7017
 Fax:             (415) 436-6748

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNTIED STATES OF AMERICA and CRAIG HARBRIDGE, Revenue Officer,<br><br>    Petitioners,<br><br>    v.<br><br>PAUL J. SHOLTZ,<br><br>    Respondent. | No. C-07-04234 JW<br><br>MOTION TO FIND RESPONDENT IN CONTEMPT AND MEMORANDUM IN SUPPORT OF UNITED STATES OF AMERICA'S REQUEST<br><br>DATE: March 31, 2008<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 8, 4th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 31, 2008, at 9:00 a.m., before the Honorable James Ware, United States District Court Judge, United States District Court, 4th Floor, Courtroom No. 8, 280 South First Street, San Jose, California, the Petitioners, United States of America and Craig Harbridge, through its undersigned counsel, will move that Respondent, Paul J. Sholtz, be found in contempt of this Court.  This motion is based on the Memorandum of Points and Authorities filed herewith, and all the pleadings on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 20, 2007, the Court entered it Order Granting Petition To Enforce Internal Revenue Service Summons.  The United States twice informed respondent that if he did not comply by

February 18, 2007, with the summons enforced by this Court, the United States would seek an Order from this Court finding respondent in contempt. See Declaration of Moore at ¶¶ 2-3. The respondent did not appear or produce the required documents or give testimony concerning the required documents by February 18, 2007. Instead respondent sent a letter to the U.S. Attorney's Office, refusing to answer questions or produce documents concerning his income, in violation of the Order of this Court. See Declaration of Moore at ¶4.

## I.

## PRELIMINARY MATTERS

A.   **The Power of Contempt to Enforce Orders**

This Court, as do all courts of the United States, possesses the inherent power to enforce its Orders by contempt proceedings and to compel the performance of the actions commanded by those Orders. **Cheff v. Schnackenberg**, 384 U.S. 373 (1966). So great is this Court's civil contempt power that its sanctions extend to conditional imprisonment and fines to compel compliance with its Orders. **United States v. Asay**, 614 F. 2d 655, 659 (9th Cir. 1980); 28 U.S.C. Section 1651(A)[1/]; Rule 70 of the Federal Rules of Civil Procedure[2/]; 26 U.S.C. Section 7604(b).[3/]

---

[1/]   Section 1651(a) of 28 U.S.C. provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

[2/]   Rule 70 of the Federal Rules of Civil Procedure provides in pertinent part:

If a judgment directs a party to ... perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court.... The court may also in proper cases adjudge the party in contempt.

[3/]   Section 7604(b) of 26 U.S.C. provides:
(b) -- Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books,

(Fn. Cont'd)

**B.     Distinction Between Criminal and Civil Contempt**

While respondent Paul J. Sholtz faces civil contempt it is important to discuss the distinction between civil contempt and criminal contempt as the difference is not always clear. "The same conduct may result in citations for both civil and criminal contempt." **United States v. Rylander**, 714 F. 2d 996, 1001 (9th Cir. 1983), cert. denied, 467 U.S. 1209 (1984) (referred to as Rylander III); **United States v. United Mine Workers**, 330 U.S. 258 (1946). It is the type of punishment which accounts for the major difference between the two: "Punishment for civil contempt is intended to be either coercive or compensatory, whereas the purpose of criminal contempt punishment is punitive." **Rylander III**, 714 F. 2d at 1001; **United States v. Asay**, 614 F. 2d 655, 659 (9th cir. 1980).

In the present case, the United States asks for civil penalties. The civil contempt involves the respondent's continued refusal to testify and produce records to the United States. The testimony and production was ordered by the Court on December 20, 2007. The respondent knowingly and intentionally refused to obey the order on January 8, 2008, and his refusal continues today. Declaration of Moore, Ex. 2. Remedial punishment is appropriate in this instance, and the United States asks that Paul J. Sholtz be fined $500 a day until he complies with the Order Enforcing Summonses. The United States also asks that in the event the respondent cures the contempt by testifying and producing the required documents within ten days of the contempt order, that he be purged of his contempt. Finally,

---

[3]/     Cont'd)

> papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

Mot. To Find Resp. In Cont. & Mem In Sup. Of
U.S.' Request (No. C-07-04234-JW)           3

the United States asks that if respondent fails to comply with the Order Enforcing Summonses within ten days of the contempt order, that he be jailed and that the fine continue to accrue until he complies with the Order Enforcing Summonses.

### C. Right to Counsel

The general rule is that a respondent has a right to counsel in a civil contempt hearing. **Ridgway v. Baker**, 720 F.2d 1409, 1415 (5th Cir. 1983); **In re Di Bella**, 518 F.2d 955, 959 (2d Cir. 1975). This arises from the fact that the respondent is faced with the possibility of imprisonment. Ibid.

The law is also clear that a respondent charged with civil contempt is entitled to court-appointed counsel only if he is indigent (**Ridgway**, 720 F.2d at 1415; **United States v. Anderson**, 553 F.2d 1154, 1155-1156 (8th Cir. 1977)), and indigence is a determination to be made by the court under 28 U.S.C. § 1915, "Proceedings in Forma Pauperis," which requires that the respondent produce an affidavit stating that he is unable to pay. Although the exact requirements of the affidavit vary from jurisdiction to jurisdiction (see, e.g., **Martin-Trigona v. Shiff**, 600 F. Supp. 1187, 1192 (D.D.C. 1984) (holding affidavit that was not notarized was not sufficient); **Atkins v. Sullivan**, 387 F.2d 140, 141 (10th Cir. 1967), cert. denied, 391 U.S. 927, reh'g denied, sub. nom., **Kelly v. State of Kansas**, 392 U.S. 947 (1968) (where affidavits were not notarized trial court properly denied plaintiff's motion to proceed in forma pauperis); **Jefferson v. United States**, 277 F.2d 723 (9th Cir. 1960) (requiring affidavit to give grounds of inability to pay with particularity)), this Circuit requires that the respondent state in the affidavit, with "some particularity, definiteness, and certainty," the facts as to his poverty. **Dreyer v. Jalet**, 349 F. Supp. 452 (S.D. Tex. 1972), aff'd, 479 F.2d 1044 (5th Cir. 1973).

## II.

## A FINDING OF CIVIL CONTEMPT IS APPROPRIATE

Civil contempt is appropriate as the respondent refuses to comply with the Order Enforcing Summonses. In a civil contempt matter, the government meets its initial burden by showing only a failure to comply; "the proof of contempt must be clear and convincing." **United States v. Rylander**, 656 F. 2d 1313, 1318 (9th Cir. 1981) ("Rylander I"), rev'd on other grounds, 460 U.S. 752 (1983) ("Rylander II"); **United States v. Powers**, 629 F. 2d 619, 626 n. 6 (9th Cir. 1980). The burden then shifts to the defendant to come forward and show "categorically and in detail" why he is unable to

1  comply.  **NLRB v. Trans Ocean Export Packing, Inc.**, 473 F. 2d 612, 616 (9th Cir. 1973); **Rylander I**, 656 F. 2d at 1318; **Rylander II**, 460 U.S. at 755.

3  This case arises out of a proceeding wherein the IRS summonses were ordered enforced.  A respondent in a summons enforcement case may contest the summons "on any appropriate ground."  **Resiman v. Caplin**, 375 U.S. 440, 449 (1964); **Rylander II**, 460 U.S. at 757.  Because lack of possession or control of records is a ground upon which a summons may be contested, it may not be raised for the first time in a contempt proceeding.  **Rylander II**, supra.

8  The attached Declaration of Thomas Moore establishes the requisite prima facie case of contempt, specifically, the failure of the Respondent to comply with this court's December 20, 2007, Order Enforcing Summonses.  Through the Declaration of Thomas Moore, including respondent's reply letter dated January 8, 2008, the United States meets its burden to show, by clear and convincing evidence, that Paul J. Sholtz has failed comply with a court order.  Declaration of Moore at ¶ 5.  The Order Enforcing Summonses required respondent to attend, testify, and produce books, papers, or other data as required and called for by the terms of each of the summonses.  The Declaration of Thomas Moore shows that the respondent did not produce the required records or fully testify as required by the order.

## CONCLUSION

For the foregoing reasons, the United States of America and Revenue Officer Craig Harbridge respectfully request that this Court find Paul J. Sholtz in contempt for his disobedience of the Order Enforcing Summonses.

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Chief, Tax Division

# CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**MOTION TO FIND RESPONDENT IN CONTEMPT AND MEMORANDUM IN SUPPORT OF UNITED STATES OF AMERICA'S REQUEST; DECLARATION OF THOMAS MOORE IN SUPPORT OF MOTION TO FIND RESPONDENT IN CONTEMPT; and [proposed] ORDER FINDING RESPONDENT IN CONTEMPT**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____   **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Paul J. Sholtz
500 West Middlefield Road, #99
Mountain View, California 94043

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **February 20, 2008** at San Francisco, California.

                                                      /s/ Kathy Tat
                                                **KATHY TAT**
                                                **Legal Assistant**